United States District Court
Western District of Pennsylvania

Levi Dalton Jones
    Plaintiff

v.

William Higgins JR.
Travis Livingood
Bedford County Pennsylvania
Officially & Individually

Civil Action No.: 3:25-137

RECEIVED
MAY 0 6 2025
CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

Civil Action 28 U.S.C. §1983

The Plaintiff, Levi Dalton Jones (Hereinafter the Plaintiff) sues the above captioned defendants, via 28 U.S.C. §1983, officially and individually.

Plaintiff

1) Levi Dalton Jones, Prisoner at SCI Somerset

Defendant(s)

2) William Higgins JR., was acting under color of state law at the time of this incident, and acting to be sued Individually and officially.

3) Travis Livingood, was acting under color of state law at the time of this incident, and acting to be sued Individually and officially.

4) Bedford County, is hereby being sued for Damages.

Facts

(1)

5) Plaintiff was serving a county parole sentence.

6) Plaintiff, inadvertantly forgot to report his legitimate prescription for suboxone on his monthly report.

7) Plaintiff's parole was violated for a suboxone positive test.

8) Plaintiff provided the Defendant(s) with his prescription at parole revocation hearing to prove his innocence.

9) Defendant(s) at this point vacated the remainder of his parole.

10) Defendant(s) then enstated his consecutive probation period.

11) Defendant(s) then violated him under Anticipatory Revocation.

12) Plaintiff served 1460 days (4 years) Due to this.

### Argument

13) In Commonwealth v. Simmons, dod1 PA Super 166, d6d A.3d 512 (Pa Super dod1) The court held that "No statutory Authorite exists to support [Anticipatory Probation Revocation] Rather the plain language of the relevant statutes provides that a trial court may only revoke an order of probation "upon proof of the violation of specified conditions of the probation."

14) Further, the 'specified condition(s)' of an order of probation are attached to, or are a part of, the order of probation.

15) Following with when the trial court imposes 'An order of Probation' Consecutively to another term, the entirety of the 'order of probation' - including the specified conditions - 'Do Not' begin to commence until the prior term ends. Id. quoting Simmons at 524-25

(2)

16) The plain and unambiguous language of 42 Pa.C.S. §9721 and 'Related statutes' make 'Clear' that a defendant can be revoked for violating conduct only while he is on probation, and not before he is serving the consecutively imposed term.

17) §9721(a) provides that an order of probation may be imposed consecutively or concurrently, not both.

18) Anticipatory Revocation 'effectively lengthens' the term of Probation beyond the stated consecutive term.

19) Thus it violates the mandate of §9774(a) that probation should be ordered for a 'fixed period' of time.

20) Revocation is 'conspicuously Absent' from the actions that a court may take at any time with respect to probation Identified in §9771(a).

21) §9771(d) specifies there shall be no probation revocation except after a hearing considering the defendants conduct while on probation.

22) The word 'while' by definition means 'During the time' quoting, in re Naugle's Estate, 368 Pa. 481, 112 A.2d 351 (PA 1920)

23) Because the plain language of the statutes does not permit Anticipatory Revocation, the doctrine of legislative acquiescence cannot support such a proceedure, especially considering the penal statutes must be strictly construed.

24) 42 Pa.C.S. §9771, governs the Revocation of Probation, see Foster 214 A.3d at 1246-47.

(3)

25) The construction of §9771, as with any statute, is guided by the Statutory Construction Act, see 1 Pa.C.S. §§1501-1991

26) The plain language of a statute generally provided the best indication of legislative intent.
   Commonwealth v. Lehman, 663 Pa. 525, 243 A.3d 7.16 (Pa 2020)

27) When the words of a statute are free of ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. §1921(b)

28) The plain language of §9771, reflects the legislative intent to permit revocation of probation only after the relevant probationary term has begun.

29) Revocation cannot be ordered at any time, but rather is subjected to temporal limitations, i.e., revocation is permissible solely during the, the term of probation itself. Thompson v. Thompson, 656 Pa. 732, 223 A.3d 1270, 1271 (Pa. 2020) ("under the doctrine of **expressio unis est exclusio alterius**, the inclusion of a specific matter in a statute implies the exclusion of other matters.")

30) Moreover, §8(b) states the court may 'revoke an order of probation upon proof of the violation of the specific conditions of probation. 42 Pa.C.S. §9771(b) (emphasis added)

31) That is, only a violation of the probation itself may trigger revocation, not a violation of the conditions of the order of probation to be sufficient for revocation before the term has started.

(4)

32) Had the legislature intended a violation of the conditions of the order of probation to be sufficient for revocation, it would have said so, and the pertinent language of §§(B) would instead permit revocation upon proof of the violation of specified conditions of the order of probation. Commonwealth v. Wright, 609 Pa 22, 14 A.3d 798, 814 (Pa. 2011) ("As a matter of statutory interpretation, Although one is admonished to listen attentively to what a statute says; one must also listen to what it does not say.") Kmonk-Sullivan v. State Farm Mut. Auto. Ins. Co., 567 Pa. 514, 788 A.2d 955, 962 (Pa. 2001).

33) §§(B) requires the court resentencing a defendant following revocation of probation to give "due consideration... to the time spent serving the order of probation. 42 Pa.C.S. §9721(b) (emphasis added)

34) Yet, if the probationary period has not commenced, then no time at all has been spent serving the probation sentence.

35) A probation sentence does not start from the date of imposition if the sentencing court has expressly ordered otherwise, Pa.R.Crim.P. 705

36) The requirement to consider in resentencing the time spent serving the probation is incompatable with Anticipatory Probation Revocation.

37) §§(d) Provides further "there SHALL be no revocation of probation except after a hearing at which the court SHALL consider, evidence of the conduct of the defendant while on probation." 42 Pa.C.S. §9721(d)(emphasis added)

38) The word 'shall' connotes a mandatory requirement. See Chanceford Aviation Properties LLP. v. Chanceford Tp. Bd. of Supervisors 592 Pa 100 923 A.2d 1099,1104 (Pa 2007)(The word "shall" by definition is mandatory, and

(5)

is applied as such.

39) §9721(a) authorizes the court to impose a sentence of probation 'consecutively or concurrently.' 42 Pa.C.S. §9721(a) (emphasis added)

40) The word 'or' is disjunctive and means "one or the other" of two or more alternatives," not consecutive and concurrent.

41) Finally, 'under the rule on lenity', when a penal statute is ambiguous it must be strictly construed in favor of the defendant. Cousins, 212 A.3d at 39, see also 1 Pa.C.S. §1928(b)(1)

### Closing

In paragraphs 1-41 of this complaint the plaintiff asserts that he is indeed the victim of a sense determined illegal statute, and served 1460 days (4 yrs.) of incarceration due to this illegally imposed sentence. Wherefore he now humbly requests this court for relief and compensation.

### Prayer for relief

Wherefore the Plaintiff hereby requests the following relief:

a) Compensation from each defendant officially and individually in the amount of $1,500 per day of his incarceration totaling $2,190,000 from each defendant.

B) Punitive damages from each defendant in the amount of $1500 per day of his incarceration, officially and individually, totaling $2,190,000 from each defendant.

For a total of $13,140,000 in total damages.

/s/: _____    Date 5/1/2025
     Levi Dalton Jones

(6)